SUMMARY ORDER

Petitioner Bin Zhu, a native and citizen of the People’s Republic of China, seeks review of a January 8, 2008 order of the BIA denying his motion to reopen. In re Bin Zhu, No. A70 891 092 (B.I.A. Jan. 8, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). The BIA’s regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhu’s July 2007 motion was untimely where the agency issued its final order of removal in September 2002. However, there is no time limit for filing a motion to reopen “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous *765 hearing.” 8 C.F.R. § 1003.2(c)(3)(h). Here, the BIA properly found that Zhu’s motion did not qualify for such an exception.
It is well-settled that a change in personal circumstances, such as Zhu’s newly commenced participation in the China Democracy Party, does not excuse the time limit for filing a motion to reopen. See Li Yovg Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005). Moreover, the BIA reasonably found that Zhu’s evidence did not demonstrate changed country conditions in China related to the treatment of political dissidents. See Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341-42 (2d Cir.2006). Indeed, much of Zhu’s evidence concerned dissidents in China rather than dissidents in the United States who return to China. Finally, contrary to Zhu’s argument, he was not eligible to file a successive asylum application independent of the requirements of 8 U.S.C. § 1229a(c)(7)(C)(ii). See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008); Matter of C-W-L-, 24 I. & N. Dec. 346, 352-53 (BIA 2007). We therefore need not reach Zhu’s assertion that the BIA abused its discretion in failing to consider his CAT claim. Cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).